UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
TERESA ZIPPRICH,

               Plaintiff,

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 18-CV-2616 (FB)

*Appearances*:
*For the Plaintiff*:
DANIEL ADAM OSBORN
Osborn Law, P.C.
295 Madison Avenue, 39th Floor
New York, New York 10017

*For the Defendants*:
JASON PECK
Special Assistant U.S. Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Having successfully obtained Social Security benefits for his client, the plaintiff's attorney seeks $21,333.75 under his contingency fee agreement. Such fees require court approval. *See* 42 U.S.C. § 406(b).

    "When a contingent fee has been agreed to by the parties, the district court must determine whether the fee is reasonable." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). "While the court need not make mathematical calculations, it should, of course, determine whether the contingency percentage is within the 25% [statutory] cap; it should also consider whether there has been fraud or overreaching

1

in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.*

The requested fee is 25% of past-due benefits. There is no evidence of fraud or overreaching. Counsel reasonably spent 52 hours obtaining a remand for his client; that results in an effective hourly rate of $410.26, which is well within the range of reasonable rates. *See, e.g.*, *Savage v. Comm'r*, 2020 WL 3503218, at *2 (E.D.N.Y. June 29, 2020) (reducing effective hourly rate from $1,000 to $700).

Counsel has already received $9,000 under the Equal Access to Justice Act ("EAJA"). As he acknowledges, he must refund that amount to his client. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [statutes], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks and alteration omitted)).

Accordingly, the Commissioner is ordered to disburse $21,335.75 to plaintiff's counsel. Upon receipt of those funds, counsel shall forthwith refund $9,000 to his client.

**SO ORDERED**.

    /S/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
May 25, 2021